UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIRGIL DOUGLAS RANDALL,<br><br>Petitioner,<br><br>v.<br><br>RICHARD J. DONOVAN CORRECTIONAL FACILITY,<br><br>Respondent. | No.  2:23-cv-1480 KJN P<br><br><br><br>ORDER |

Petitioner, a state prisoner proceeding pro se, filed a document that appears to be seeking release from prison, which this court construes as an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] Petitioner has not, however, filed an in forma pauperis affidavit or paid the required filing fee ($5.00). See 28 U.S.C. §§ 1914(a); 1915(a).  Petitioner is provided the opportunity to either submit the appropriate affidavit in support of a request to proceed in forma pauperis or submit the appropriate filing fee.

////

---

[1] Although petitioner refers to Judge Delaney, petitioner did not provide a case number.  If petitioner is referring to Randall v. Sacramento State Prison, Folsom, No. 17-0929 CKD P, such case was terminated on April 8, 2019.  Id.  A court may take judicial notice of court records.  See, e.g., Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n.2 (9th Cir. 2002) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal quotation omitted).

1

In addition, the court requires all petitions for writ of habeas corpus be filed on the proper form which is provided by this court. Moreover, the court may limit its review of the petition for relief to the information on the form only and need not consider any memoranda or attachments to the petition. See Rule 2(c), Rules Governing § 2254 Cases.

Petitioner is notified that in order for this court to review his application, he must refile his petition on the proper form. Furthermore, although petitioner may submit a separate memorandum to support his petition for relief, the court's application form must contain all relevant claims, and must provide the court with all necessary information, including the date and location of the court in which he sustained the conviction challenged.

Finally, petitioner raises claims concerning his current conditions of confinement.[2] However, petitioner is informed that any such claims must be raised in the Southern District of California because petitioner is housed at the RJ Donovan Correctional Facility in San Diego, California. Petitioner may not bring Eighth Amendment conditions of confinement claims in a habeas corpus action.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner shall submit, within thirty days from the date of this order, an affidavit in support of his request to proceed in forma pauperis or the appropriate filing fee;

2. Petitioner's application for writ of habeas corpus is dismissed with leave to amend within thirty days from the date of this order;[3]

3. Any amended petition must be filed on the form employed by this court and must state all claims and prayers for relief on the form. It must bear the case number assigned to this action and must bear the title "Amended Petition";

---

[2] As a general rule, a claim that challenges the fact or duration of a prisoner's confinement should be addressed by filing a habeas corpus petition, while a claim that challenges the conditions of confinement should be addressed by filing a civil rights action. See Wolff v. McDonnell, 418 U.S. 539, 554 (1974); Preiser v. Rodriguez, 411 U.S. 475, 499-500 (1973); Ramirez v. Galaza, 334 F.3d 850, 858-859 (9th Cir. 2003), cert. denied, 541 U.S. 1063 (2004).

[3] By setting this deadline the court is making no finding or representation that the petition is not subject to dismissal as untimely.

    4. Petitioner's failure to comply with this order will result in a recommendation that this action be dismissed; and

    5. The Clerk of the Court is directed to send petitioner a copy of the in forma pauperis form used by this district, and the form for habeas corpus application.

Dated: August 1, 2023

*/s/ Kendall J. Newman*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/rand1480.101a.115